

The following constitutes the order of the Court.
Signed: May 25, 2022

_____
**Stephen L. Johnson
U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>JAMES C. McBURNEY,<br>              Debtor. | Case No.: 21-51254 SLJ<br>Chapter 13<br><br>Date: May 19, 2022<br>Time: 10:00 a.m.<br>Ctrm: Remote |

### ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY OF RECORD

Debtor's counsel's Motion to Withdraw as Attorney of Record ("Motion") came on for hearing at the above-referenced date and time. Appearances were noted on the record. Debtor opposed the Motion. After hearing arguments from the parties, the court took the Motion under submission.

Debtor's counsel ("Counsel") sought to withdraw pursuant to California Rule of Professional Conduct ("Rule") 1.16(b)(1), alleging that communication had broken down between Debtor and Counsel. Debtor opposed the Motion, asserting that Counsel's reason to withdraw is not a breakdown in communication but rather an economic one, and that abandoning a case for economic reasons is gross misconduct. At the hearing, Counsel, for the

first time, argued that she has a mandatory duty to withdraw because she cannot fulfill her duty to her client and her obligation as an officer of the court.

Under Civil Local Rule 11-5(a), as incorporated by Bankruptcy Local Rule 1001-2(a), a lawyer may not withdraw from an action until relieved by order of court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case. Substantively, the court must examine four factors in reviewing a motion to withdraw: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. *Nedbank Int'l, Ltd. v. Xero Mobile, Inc.*, 2008 WL 4814706, at *1 (C.D. Cal. Oct. 30, 2008).

The procedural requirement has been satisfied. Counsel gave appropriate notice under the applicable local rules to Debtor and all creditors.

Under Rule 1.16, subdivision (a) governs mandatory withdrawal while subdivision (b) governs permissive withdrawal. Notwithstanding Counsel's assertion at the hearing that withdrawal is mandatory because continuing representation will likely result in ethical violations, her Motion does not mention mandatory withdrawal or discuss any of the grounds in Rule 1.16(a). Her declaration likewise does not include any statements in support of mandatory withdrawal. The court will focus on Rule 1.16(b) governing permissive withdrawal. The subpart of Rule 1.16(b) referenced in the Motion is Rule 1.16(b)(1), which permits "a lawyer [to] withdraw from representing a client if ... the client insists upon presenting a claim or defense in litigation ... that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law." Additionally, Rule 1.16(b)(4) permits withdrawal when the client's conduct renders it unreasonably difficult for the lawyer to effectively carry out the representation.

During oral argument, the parties seemingly presented contradictory versions of the events. Counsel alleged that Debtor did not follow her legal advice and strategy. Taking a word from Rule 1.16(b)(1), Debtor maintained that he did not "insist" on his strategy and eventually agreed to follow Counsel's advice. The court does not need to resolve this discrepancy, the

ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY OF RECORD
-2-

evidence for which is likely protected by attorney-client privilege. What is clear from the arguments is that disagreements emerged. If Debtor's conduct made Counsel's representation unreasonably difficult, withdrawal may be permissible, even if Debtor eventually decided to follow his Counsel's advice.[1] Where a lawyer has been enlisted to provide her expertise, some deference to her experience is both expected and appropriate.

The record also reflects that the attorney-client relationship has suffered a breakdown in communication. Counsel alleged that Debtor has taken control of the case, and the docket supports this assertion from the numerous pleadings that Debtor has filed in pro per, even though Counsel remains his attorney of record until the court grants the Motion.[2] Without assigning blame, it is clear that Counsel has lost control of the case and that Debtor is intent on relitigating matters that Counsel has already presented to the court and obtained relatively positive results for her client.

Debtor argued that instead of a communication breakdown, the actual reason for the withdrawal is Counsel's unwillingness to "finance his case." Debtor's economic argument is misplaced. Debtor cited the Ninth Circuit's decision in *Community Dental Services v. Tani*, 282 F.3d 1164 (9th Cir. 2002), for the proposition that a lawyer's withdrawal based on economic reasons alone constitutes gross negligence. The Ninth Circuit made no such pronouncement. In *Tani,* defendant's attorney failed to timely file an answer to a complaint and failed to file a stipulation providing for an extension of time, resulting in a default judgment entered against defendant. The Ninth Circuit held that where a client has demonstrated gross negligence on the part of his counsel, a default judgment against the client may be set aside pursuant to Civil Rule 60(b)(6). The case has nothing to do with withdrawal of a client's lawyer. To the contrary, courts have held that lack of payment of attorney's fees when due is cause for permissive

---

[1] Counsel alleged as much in her declaration, stating "the Debtor, by other conduct, renders it unreasonably difficult for me to carry out effective quality representation." Declaration in Support of Motion to Withdraw as Attorney of Record, filed on April 18, 2022, p. 2:1-2.

[2] Among the pleadings filed by Debtor in pro per is a motion to reconsider the order on his motion for protective order, which was filed and argued by Counsel. The court denied the motion in an order entered on May 2, 2022.

ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY OF RECORD
-3-

withdrawal. *See, e.g., Fabricant v. Fast Advance Funding, LLC*, 2018 WL 6927809, at *2 (C.D. Cal. June 26, 2018); *Johnson v. Serenity Transportation, Inc.*, 2020 WL 5500375, at *1 (N.D. Cal. Sept. 11, 2020).

An attorney has no obligation to "finance" a client's case, unless the agreement relating to the representation so provides, such as in a contingency fee agreement. The retainer agreement here, as attached to Counsel's fee application (DKT 54), contains no such terms. As supporting evidence, Debtor pointed to Counsel's arguments in his motion for protective order, when Counsel stated at the hearing that Debtor cannot afford to litigate the claim objection and related discovery and Counsel cannot afford to subsidize such litigation. This statement, made by Counsel in the context of limiting discovery, does not suggest that she is withdrawing for economic reasons. Furthermore, the court did in fact limit the discovery propounded on Debtor, albeit not to the extent requested by Debtor.

The court finds that Counsel has laid out a basis for permissive withdrawal which she further clarified and supported during oral argument. The withdrawal will not prejudice other parties, and no arguments has been presented otherwise. Counsel took action to oppose the chapter 13 trustee's motion to dismiss in this case, resulting in a confirmation deadline instead of a dismissal. At the hearing, Counsel also represented that she has obtained an extension of the discovery deadline. Thus, Counsel made efforts to minimize the prejudice to Debtor. The withdrawal does not cause any harm to the administration of justice. There are no immediate pending matters which resolutions may be delayed by Counsel's withdrawal.

For the foregoing reasons,

IT IS HEREBY ORDERED that the Motion is GRANTED.

IT IS FURTHER ORDERED that any mail service to Debtor shall be addressed to Debtor at 3077 West Ledyard Way, Aptos, CA 95003.

*** END OF ORDER***

ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY OF RECORD
-4-
Case: 21-51254    Doc# 69    Filed: 05/25/22    Entered: 05/25/22 11:00:12    Page 4 of 5

**COURT SERVICE LIST**

James McBurney
3077 West Ledyard Way
Aptos, CA 95003

ECF Notifications